UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALLEN KREKE, Individually and
derivatively on behalf of MARATHON-
SPARTA HOLDINGS, INC.,

       Plaintiff,

           v.

JAMES PERRY BRYAN, JOHN BRACKEN
BRYAN, JOHN SHELBY BRYAN, and
PHILLIP R. SMITH,

       Defendants.

Case No. 24-cv-548-JPG

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on the defendants' motion to dismiss the complaint or, in the alternative, to transfer venue to the United States District Court for the Southern District of Texas (Doc. 18).   The Court temporarily limited the briefing on this motion to issues of venue (Doc. 39), and the plaintiff has responded that he consents to the requested transfer of venue (Doc. 43).   Without considering whether venue in this district is proper or whether this Court has personal jurisdiction over the defendants, the Court will grant the defendants' request to transfer this case to the Southern District of Texas for the convenience of the parties pursuant to 28 U.S.C. § 1404(a).

Under § 1404(a), a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice."   28 U.S.C. § 1404(a).   The decision to transfer a case is left to the discretion of the district court.   *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)*; Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, and the interests of justice in general.   *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen* , 376 U.S. at 622).   Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice.   *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625.   "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system."   *Coffey*, 796 F.2d at 221.

The Southern District of Texas is clearly more convenient for the parties and witnesses. None of the parties reside in Illinois, the defendants reside in Texas, and Marathon-Sparta Holdings, Inc's business operations are based in the Southern District of Texas.   It appears the conduct of which the plaintiff complains occurred there, many material witnesses and much of the evidence are located there, and another action between the parties that overlaps at least in part with this action is pending there (*Marathon-Sparta Holdings, Inc. v. Allen Duane Kreke and John Bracken Bryan*, No. 4:24-cv-14 (S.D. Tex.)).   Additionally, it appears the District Court for the Southern District of Texas would have personal jurisdiction over the defendants for this dispute.   Further, the plaintiff, who resides in Florida, consents to a transfer there, which reduces the weight of his selected forum in Illinois.   In addition, it appears that the interests of justice do not oppose a transfer.

Accordingly, the Court **GRANTS** the defendants motion (Doc. 18) **in part** and **TRANSFERS** this case to the United States District Court for the Southern District of Texas for the convenience of the parties pursuant to 28 U.S.C. § 1404(a).   The portion of the motion

2

requesting dismissal (Doc. 18) **REMAINS PENDING** for action by the transferee Court.

Again, no party shall be deemed to have waived any argument regarding other issues raised in

the defendants' motion by their limiting their briefs in this District to issues of venue.

**IT IS SO ORDERED.**
**DATED:   July 30, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**